UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

MIGUEL ANGEL GARCIA-BONILLA,

Petitioner,

v.

JOHN ASHCROFT,

Respondent.

No. 02-2118

On Petition for Review of an Order of
the Board of Immigration Appeals.
(A77-609-974)

Submitted: January 15, 2004

Decided: March 11, 2004

Before WILKINS, Chief Judge, and LUTTIG and
TRAXLER, Circuit Judges.

---

Petition dismissed by unpublished per curiam opinion.

---

## COUNSEL

Donald L. Schlemmer, Washington, D.C., for Petitioner. Robert D. McCallum, Jr., Assistant Attorney General, Anthony W. Norwood, Senior Litigation Counsel, Virginia M. Lum, Attorney, Civil Division, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Miguel Angel Garcia-Bonilla petitions for review of an order of the Board of Immigration Appeals (Board) summarily dismissing his appeal from an immigration judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture. We dismiss the petition based on Garcia-Bonilla's failure to exhaust his administrative remedies.

I.

Garcia-Bonilla illegally entered the United States without inspection by an immigration officer. On July 27, 1999, the Immigration and Naturalization Service issued a notice to appear, charging him with removability under § 212(a)(6)(A)(i) of the Immigration and Nationality Act, *see* 8 U.S.C.A. § 1182(a)(6)(A)(i) (West 1999), as an alien present in the United States without being admitted or paroled. At a hearing before an immigration judge, Garcia-Bonilla conceded that he was removable as charged but requested asylum, withholding of removal, and protection under the Convention Against Torture. On June 18, 2001, the immigration judge denied Garcia-Bonilla's applications and ordered his removal from the United States.

Garcia-Bonilla subsequently filed a timely notice of appeal with the Board. On the notice of appeal form, he listed his reasons for appeal. Item number six on page two of the notice form asked whether he would "file a separate written brief or statement in addition to the 'Reason(s) for Appeal' written above or accompanying this form." J.A. 15. Garcia-Bonilla checked the box indicating that he would file a separate brief or statement and added the words "within 30 days of receipt of the entire transcript." *Id.* A shaded box below the question contained a warning, preceded by a large exclamation point, that read as follows: "**WARNING:** Your appeal may be sum-

marily dismissed if you indicate in Item #6 that you will file a separate written brief or statement and, within the time set for filing, you fail to file the brief or statement and do not reasonably explain such failure." *Id.* Directly beneath the warning was the signature and date line for the appealing party. Counsel signed and dated the form on July 18, 2001.

On February 6, 2002, the Board apparently sent a briefing schedule, a copy of the immigration judge's decision, and the transcript of Garcia-Bonilla's immigration court hearing to counsel, and informed Garcia-Bonilla that his brief must be received by the Board no later than March 8, 2002. It is undisputed that Garcia-Bonilla failed to file a separate written brief or statement.

On August 29, 2002, the Board summarily dismissed Garcia-Bonilla's appeal. In its order, the Board cited the warning contained in the notice of appeal and 8 C.F.R. § 3.1(d)(2)(i)(D) (2002), which provides for summary dismissal if a brief or statement is not filed after a party has indicated that it would do so. Additionally, the Board stated that upon review of the record, it was "not persuaded that the Immigration Judge's ultimate resolution of this case was in error." J.A. 8.

## II.

In his petition for review, Garcia-Bonilla argues that the Board violated his due process rights by dismissing his appeal for failure to file a brief without giving him an opportunity to file one. Specifically, he claims that he never received the briefing schedule or the transcript of his hearing before the immigration judge. In light of prudential considerations affecting our review of agency actions, we hold that Garcia-Bonilla was required to present this claim to the Board in a motion to reopen, and therefore that we cannot grant his petition.

8 U.S.C.A. § 1252(d)(1) (West 1999) directs that "[a] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." It has been held that this statutory exhaustion requirement does not apply to motions to reopen. *See Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 880-81 (9th Cir. 2003). Nevertheless, courts may require exhaustion of

administrative remedies in some circumstances even when exhaustion is not statutorily required. *See NLRB v. Indus. Union of Marine & Shipbuilding Workers of Am., AFL-CIO*, 391 U.S. 418, 426 & n.8 (1968); *Noriega-Lopez*, 335 F.3d at 881. Such a prudential requirement does not deprive a court of jurisdiction but rather is within the discretion of the reviewing court. *See Montes v. Thornburgh*, 919 F.2d 531, 537 (9th Cir. 1990). Exhaustion may be prudentially required if:

> (1)  agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2)  relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Id.* (internal quotation marks omitted).

Our consideration of these factors here leads us to dismiss Garcia-Bonilla's petition. When Garcia-Bonilla received the Board order stating that he had been "granted the opportunity to submit a brief" but had failed either to do so or to "reasonably explain his . . . failure to do so," J.A. 8 (internal quotation marks omitted), he needed only to move the Board to reopen his case so that he could demonstrate that he had never received the briefing schedule or transcript. *See generally* 8 C.F.R. § 3.2(c) (2003). Doing so would have given the Board the chance to consider his explanation, make any necessary factual findings, and decide whether to excuse his failure to file a brief. Because he bypassed the Board altogether with regard to this claim, however, the factual premise of the claim—that he never received the briefing schedule and transcript—is not supported by any administrative findings.* *See McGee v. United States*, 402 U.S. 479, 488 (1971)

---

*Garcia-Bonilla has included in the joint appendix an affidavit from his attorney stating that neither he nor Garcia-Bonilla received any formal communication from the Board prior to its decision. However, that affidavit, not having been presented to the Board in a motion to reopen, is not properly before us. *See* 8 U.S.C.A. § 1252(b)(4)(A) (West 1999) (providing that "the court of appeals shall decide [a petition for review of a final order of removal] only on the administrative record on which the order of removal is based").

(holding that "[t]he exhaustion requirement is properly imposed where . . . the claim to exemption depends on careful factual analysis and where the registrant has completely sidestepped the administrative process designed to marshal relevant facts and resolve factual issues in the first instance"); *McKart v. United States*, 395 U.S. 185, 194 (1969) (explaining that "judicial review may be hindered by the failure of the litigant to allow the agency to make a factual record, or to exercise its discretion or apply its expertise"); *Rhoa-Zamora v. INS*, 971 F.2d 26, 34 (7th Cir. 1992) (holding that "an appellate court is not the appropriate forum to engage in fact-finding in the first instance"). Moreover, allowing litigants to proceed directly to this court with factual claims such as Garcia-Bonilla's would remove much of the incentive that would otherwise exist for presenting such claims to the Board in the first instance and would eliminate the significant possibility that the claims could be resolved at the Board level with no judicial involvement. For all of these reasons, we conclude that prudential considerations preclude us from reviewing Garcia-Bonilla's challenge to the procedural basis for the Board's summary dismissal, and we therefore dismiss his petition.

*PETITION DISMISSED*